## Philadelphia, Appellant, v. Sheppard et al.

*Municipalities—Ordinances—Fruit stands on sidewalk—Equity.*

If a city by its ordinance declares that it shall be unlawful to place any goods, wares, or merchandise for sale, upon part of the footway in front of any house or premises from the line of any street fifty feet and upwards in width, to a greater distance than four feet and three inches, there is a reasonable if not a necessary implication from the ordinance that the city will permit the goods to be placed for sale on the footway within such limit.

The erection of suitable stands on which to exhibit the goods allowed to be placed on the footway for sale, cannot be regarded as a violation of such an ordinance. It is the encroachment on the footway beyond the prescribed limit, and not the placing of goods on shelves or stands two or three feet above the footway within it, that is declared to be unlawful.

The above construction of the ordinance was acquiesced in by the city for nearly thirty years. The city, also, with the consent of the commissioners of markets and city property and with the approval of the committee on city property, allowed cake, fruit and other stands to be erected adjoining or in front of its own property. *Held*, that the city had no standing in equity to compel the removal of a fruit stand in front of the property of an individual owner, not extending more than four feet three inches from the house-line.

Argued March 28, 1893.    Appeal, No. 296, Jan. T., 1893, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1892, No. 692, dismissing bill in equity against A. Sheppard and Lawrence Charatte.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Bill to compel removal of fruit stand.

The facts appear by the opinion of the Supreme Court.

The court below, BIDDLE, J., entered the following decree:

" And now, December 19, 1892, this cause came on to be heard upon bill and answer and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the plaintiff's bill be dismissed, with costs ; it being the opinion of the court that section 3d of the act of April 16, 1838, had placed in the city of Philadelphia the power to regulate the whole subject by ordinance, and that, if the ordinance approved December 24, 1864, was not intended to give permission to the nuisance complained of, it should say so in terms not liable to be misunderstood."

*Error assigned* was above decree, quoting it.

*Norris S. Barratt,* assistant city solicitor, *Charles F. Warwick,* city solicitor, with him, for appellant, cited: Com. v. Flemming, Lewis Cr. L. 533 ; Com. v. Strickler, Lewis Cr. L. 535 ; Yates v. Warrenton, 84 Va. 337 ; Callahan v. Gilman, 107 N. Y. 360 ; Kelly v. Com., 11 S. & R. 345 ; Smith v. State, 3 Zab. 712 ; Moyamensing v. Long, 1 Pars. 143 ; Wood on Nuisance, § 252 ; Langsdale v. Bonton, 12 Ind. 467 ; State v. Berdetta, 73 Ind. 185 ; Haynes v. Thomas, 7 Ind. 38 ; St. Vincent O. Asylum v. Troy City, 32 Am. L. R. 286 ; Wartman v. Phila., 33 Pa. 202 ; State v. Laverack, 34 N. J. L. 201 ; Pettis v. Johnson, 56 Ind. 139 ; Com. v. Blaisdell, 107 Mass. 234 ; People v. Vanderbilt, 58 N. Y. 396 ; State v. Woodward, 23 Vt. 92 ; City v. Pass. R. R., 8 Phila. 648 ; Frankford v. Lennig, 2 Phila. 403 ; City v. Friday, 6 Phila. 278 ; City v. Dunbar, 1 Lanc. 306 ; Brightly's City Digest, 30 ; Manayunk v. Davis, 2 Par. 289 ; Schnell v. City, 1 W. N. 636 ; Com. v. Davenger, 10 Phila. 479 ; City v. Duncan, 4 Phila. 145 ; Com. v. Finklieimer, 9 Phila. 504.

No brief filed or argument offered for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, November 13, 1893:

The city of Philadelphia, appellant, filed a bill in equity against A. Sheppard and Lawrence Charatte, appellees, charging, in the fourth paragraph thereof, that the appellees " have erected, in violation of law, a certain wooden stand for the sale of candy and fruit, thirty-six feet long on Eighth street, and three feet and seven inches in width from the building line, upon the footway, on the east side of Eighth street and south corner of Walnut street, and against the building occupied by said Sheppard." It was also charged therein that " said wooden stand extends four feet six inches upon the footway of Walnut street, from building line, and is two feet in width on said Walnut street." The prayer of the bill was that the appellees be enjoined and restrained from maintaining said stand upon the said highways, and that they be commanded to take it down and remove it. The appellees answered, denying that the stand encroached on Walnut street in any degree, that it was thirty-six feet long and three feet and seven inches in width on Eighth street, but admitting that it was twenty-seven feet long and three feet and six inches in width on said street. It was then alleged in the answer that " such stands have always been permitted by the authorities of the city of Philadelphia, both in front of property of the said city and in front of property of individuals, provided that when built upon streets fifty feet wide and upwards they do not project into such streets more than four feet three inches from the house line."

The case was heard in the court below on bill and answer, and the hearing resulted in a dismissal of the bill at the cost of the city, on the ground that " section 3 of the act of April 16, 1838, had placed in the city of Philadelphia the power to regulate the whole subject by ordinance, and that, if the ordinance approved December 24, 1864, was not intended to give permission to the nuisance complained of, it should say so in terms not liable to be misunderstood."

It will be conceded, we think, that the city ought not to come into a court of equity for the purpose of restraining the appellees from maintaining their candy and fruit stand, and of compelling them to take it down and remove it, if such stand was

erected and maintained by them under and in accordance with its own ordinances. If the city by its ordinance declares that it shall be unlawful to place any goods, wares, or merchandise for sale, upon part of the footway in front of any house or premises from the line of any street fifty feet and upwards in width, to a greater distance than four feet and three inches, there is a reasonable if not a necessary implication from the ordinance that the city will permit the goods, etc., to be placed for sale on the footway within such limit. The erection of suitable stands on which to exhibit the goods thus allowed to be placed on the footway, for sale, cannot be justly regarded as a violation of such ordinance, because it is the encroachment on the footway beyond the prescribed limit, and not the placing of the goods on shelves or stands two or three feet above the footway within it, that is declared to be unlawful. This was the construction which the appellees and all other persons who placed goods, wares and merchandise on the footway, for sale, put upon the ordinance of December 24, 1864, referred to by the learned judge of the court below, in the language above quoted; and we cannot say that it was an unwarranted or unreasonable construction, in view of the city's long continued and unbroken acquiescence in it. We find, too, that by the ordinance of December 6, 1871, the city, with the consent of the commissioners of markets and city property, and with the approval of the committee on city property, allows cake, fruit, and other stands to be erected adjoining or in front of its own property; and we will not presume that it intended thereby to forbid a like use of the footway in front of individual property, if the owner thereof consented to it. These ordinances were passed in execution of the power conferred on the city by sec. 3 of the act of April 16, 1838. If they were not intended to allow an obstruction such as is complained of in this case, they should be revised so that they will plainly declare in what manner and how far from the building line the city will permit goods, wares and merchandise to be placed on the footways for sale.

We do not deny that the city may be a competent party in proceedings for the removal of obstructions from its streets, nor do we question the soundness of the well-settled principles which protect the rights of the public in them. But we think

the city has no standing to invoke the aid of a court of equity to remove an obstruction authorized by its own ordinances. The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.